UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11284-RWZ

RICHARD SEAVER

v.

MASSACHUSETTS PAROLE BOARD, *et al.*

ORDER

November 8, 2010

ZOBEL, D.J.

    Plaintiff, an inmate at MCI-Norfolk, pled guilty to murder in 1960 and was sentenced to life imprisonment, later commuted to a term of 30 years to life. He was paroled by the Massachusetts Parole Board (the "Board"), only to have parole revoked, several times between 1974 and 1992, when he began his present period of incarceration. He has appeared before the Board on at least five occasions since 1992, most recently in 2008. In each instance the Board voted to deny parole. He now sues the members of the Board under 42 U.S.C. § 1983, alleging various constitutional infirmities with the parole process. Pending is his claim for a declaratory judgment setting forth his right to a constitutionally compliant parole hearing. The court previously dismissed his claims for injunctive relief and damages (Docket ## 4, 21.) Defendants now move for summary judgment.

    Plaintiff argues (1) that he was denied procedural due process, as guaranteed by the Constitution, because the Board considered secret and erroneous information

which he was not allowed to rebut; (2) that a 1996 amendment to Massachusetts law which extended the maximum interval between parole hearings from three to five years violated the Ex Post Facto Clause, see Mass. Gen. Laws ch. 127, § 133A; and (3) that the Commonwealth opposed his parole in violation of a 1960 plea agreement.

None of plaintiff's arguments have merit.  First, the Massachusetts parole statute, which grants the Board wide discretion rather than mandating parole if certain conditions are met, does not create a liberty interest in the grant of parole that is protected by the Due Process Clause of the Fourteenth Amendment.  Mass. Gen. Laws ch. 127, § 130; Lynch v. Hubbard, 47 F. Supp.2d 125, 127-29 (D. Mass. 1999); Quegan v. Mass. Parole Bd., 673 N.E.2d 42, 44 (Mass. 1996).  Second, because the grant of parole is discretionary, and the Board may hold hearings more frequently than the maximum interval, extending the maximum interval for parole hearings from three years to five years does not "create[] a significant risk of prolonging [plaintiff's] incarceration" and thereby violate the Ex Post Facto Clause.  Garner v. Jones, 529 U.S. 244, 251 (2000) (holding that an amendment to the Georgia parole law which extended the maximum parole hearing interval and afforded inmates fewer procedural safeguards did not violate the Ex Post Facto Clause).  Third, plaintiff has produced no evidence that the Commonwealth breached a plea agreement.

Defendants' motion for summary judgment (Docket # 30) is ALLOWED. Judgment may be entered for the defendants.

    November 8, 2010                                     /s/Rya W. Zobel

DATE                                                                RYA W. ZOBEL
                                                       UNITED STATES DISTRICT JUDGE